UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NARINDER M. GUPTA, M.D., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-404-JWD-SDJ** |
| **LOUISIANA HEALTH SERVICES AND INDEMNITY COMPANY d/b/a BLUE CROSS AND BLUE SHIELD OF LOUISIANA AND HMO, LOUISIANA, INC.** | |

**RULING AND ORDER**

This matter comes before the Court on two motions. The first is the *Motion to Dismiss for Lack of Subject Matter Jurisdiction* ("*12(b)(1) Motion*") (Doc. 16) filed by defendants Louisiana Health Service and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana and HMO Louisiana, Inc. (collectively, "BCBSLA" or "Defendants"). Plaintiffs Dr. Narinder M. Gupta, M.D., individually and on behalf of Pain Management and Surgi-Group, L.L.C., ("Dr. Gupta") and Bonnie Alford ("Alford") (collectively "Plaintiffs") oppose the motion. (Doc. 27.) Defendants have filed a reply. (Doc. 28.) Defendants also filed the *Motion to Dismiss for Failure to State a Claim* ("*12(b)(6) Motion*") (Doc. 17). Plaintiffs oppose the motion. (Doc. 26.) Defendants have filed a reply. (Doc. 29.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the *12(b)(1) Motion* is granted, and the *12(b)(6) Motion* is denied as moot.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The factual background is primarily taken from Plaintiffs' *Memorandum in Support of Motion to Vacate Arbitration Award* (Doc. 1-1). This action was filed by Plaintiffs on May 22,

2024, seeking to vacate the arbitration award made by Arbitrator Melinda Jayson in an arbitration between the parties to this case: *Louisiana Health Service and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana and HMO Louisiana, Inc. v. Narinder M. Gupta, M.D. et al.*, No. AAA 01 22 0002 4640. (Doc. 1-1 at 1.) The arbitrator awarded Defendants a total of $129,223.35 against Dr. Gupta, for breach of contract. (Doc. 1-3 at 14.) The "Physician Agreement," the contract at issue,

> obligated Dr. Gupta to maintain appropriate medical records of medical services, provide complete records to BCBSLA to process medical claims, only render to patients services that are "medically necessary," allow BCBSLA access to audit Dr. Gupta's records and facilities, and refund BCBSLA for any payments that are based on incomplete information or for services that are not "medically necessary."

(Doc. 16-1 at 2 (citing Doc. 1-3 at 4–7; Doc. 1-2).) Plaintiffs move to vacate this award under 9 U.S.C. §§ 6 and 10. (Doc. 1-1 at 1.)

Plaintiffs argue that the arbitrator "failed to 'hear evidence pertinent and material to the controversy' in accordance with 9 U.S.C. § 10(a)(3)." (*Id.* at 1–2.)

> In addition, the Arbitration award (1) failed to follow the contract between the parties, as the contract at issue plainly imposed *only* group liability, and the Arbitrator found Dr. Gupta individually liable; (2) allowed BCBS to make up a rationale for denial of claims when the claims without of [sic] Dr. Gupta's name were paid through the system automatically, as demonstrated by the submission under a different taxpayer ID, thus, showing that the entire BCBS representation that the services lacked medical necessity, or were investigational, was far beyond just arbitrary and capricious, but rose to the level of fraud, maliciousness, and breach of fiduciary duty; and (3) ignored the role of conflict preemption with respect to the claims governed by ERISA.

(*Id.* at 2.) Therefore, Plaintiffs claim that the arbitrator "so imperfectly executed her arbitral powers that 'a mutual final and definite award upon the subject matter submitted was not made' pursuant to 9 U.S.C. § 10(a)(4)." (*Id.*) Further, they claim that the arbitrator failed to join indispensable parties, namely Bonnie Alford. (*Id.* at 9–10.)

2

Plaintiffs' original *Motion to Vacate* did not contain a statement of jurisdiction. (Doc. 1; Doc. 1-1.) On June 12, 2024, Plaintiffs filed an *Amended Motion to Vacate Arbitration Award*, asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1331,

> and the Employee Retirement Income Security Act of 1974 [("ERISA")], 29 U.S.C. 1132(e)(1) and 1132(f), which provides the district courts with jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan or to clarify a plan participant's rights under a group health benefit plan and/or to address equitable remedies, including injunction, for breaches of fiduciary duties arising in connection with the administration of such employee welfare benefit plans, as well as failures to provide (1) required notices to participants and beneficiaries, (2) an opportunity to appeal, and (3) information related to the particular welfare benefit plan at issue in this case.

(Doc. 12 at 1–2.) Plaintiffs argue that Louisiana Revised Statutes § 22:1838, which provides the basis for the recoupment action under which BCBSLA sought the arbitration, is preempted by ERISA. (*Id.* at 2.) They contend that the arbitrator

> failed to "hear evidence pertinent and material to the controversy" in accordance with 9 U.S.C. § 10(a)(3) and as such, indispensable parties were deprived of a fair hearing because Arbitrator Jayson did not have all available evidence before her due to the arbitration's failure to join indispensable parties, namely the patients whose benefits were impacted and to whom Dr. Gupta had provided care, now represented herein by patient Bonnie Alford, and as a result, Arbitrator Jayson so imperfectly executed her arbitral powers that "a mutual, final, and definite award upon the subject matter submitted was not made" pursuant to 9 U.S.C. § 10(a)(4).

(*Id.* at 2–3.) The prayer requests that this Court vacate the arbitration award and does not seek any damages. (*Id.* at 3.)

## II. LEGAL STANDARD

In a Rule 12(b)(1) motion, a party may raise the defense of lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286

(5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). But, "[a] motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010; *see also Ramming*, 281 F.3d at 161 (citing *Home Builders Ass'n of Miss., Inc.* with approval).

### III. DISCUSSION

#### a. Parties' Arguments

##### i. *12(b)(1) Motion* (Doc. 16)

Defendants move to dismiss this case for lack of subject matter jurisdiction. (Doc. 16-1 at 4.) They argue that the original *Motion to Vacate* does not include a short and plain statement of jurisdiction, and a claim under Section 10 of the Federal Arbitration Act ("FAA") does not in and of itself create federal question jurisdiction. (*Id.*) They cite to *Badgerow v. Walters*, 596 U.S. 1 (2022), which held that a federal court only has jurisdiction over Sections 9 and 10 claims if there is an independent grant of subject matter jurisdiction, evident from the face of the complaint. (*Id.*) Defendants argue that *Badgerow* prevents a federal court from looking through to the underlying controversy to find a basis of jurisdiction, and Plaintiffs have failed to show an independent basis for this Court's subject matter jurisdiction. (*Id.* at 4–5.)

Defendants maintain that even if the Court could look through to the underlying controversy, there is still no subject matter jurisdiction. (*Id.* at 5.) The arbitration award that is the subject of this case stems from Defendants' claims against Dr. Gupta, asserting "state law claims for breach of contract, unjust enrichment, recoupment under La. Rev. Stat. 22:1838, and declaratory relief." (*Id.* at 6.)

Defendants insist that Plaintiffs are attempting to manufacture jurisdiction by claiming that some of the plans at issue in the arbitration were "ERISA covered plans and thus ERISA complete preemption applies." (*Id.* at 7.) They dispute this argument, pointing the Court to *HMO Louisiana Inc. v. Gupta*, No. 21-522, 2021 WL 2678933 (E.D. La. June 30, 2021), a dispute between the same parties regarding similar issues, where the court rejected Dr. Gupta's contention that there was complete preemption due to ERISA. (*Id.*)

Further, they argue that ERISA does not preempt these claims, because the claims do not satisfy the two-prong test for ERISA preemption set out in *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004). (*Id.* at 7–8.) Defendants assert that the first prong—"an individual, at some point in time, could have brought [the] claim,"—is not met because (1) the underlying claim does not involve an ERISA "employee benefit plan established or maintained by an employer or employee organization that is engaged in interstate commerce" and (2) even if the claims involved an employee benefit plan, Defendants are not participants or beneficiaries in this plan, a requirement for an ERISA 502(a)(1)(B) claim. (*Id.* at 8–10.) Defendants maintain they were not attempting to seek benefits from an employee benefit plan, but were simply "attempting to collect overpayments that it made to Dr. Gupta for his failure to comply with his obligations under the Physician Agreement." (*Id.* at 10.) Indeed, many federal courts have found in similar cases that a "plaintiff-health insurer was neither a participant nor a beneficiary of an employee health plan." (*Id.* at 10

5

(citing *United Healthcare Servs., Inc. v. Sanctuary Surgical Centre, Inc.*, 5 F. Supp. 3d 1350, 1356–58 (S.D. Fla. 2014); *District Council 16 No. Cal. Health & Welfare Trust Fund v. Sutter Health*, No. 15-735, 2015 WL 2398543, *5 (N.D. Cal. May 19, 2015)).)

As to the second prong—"there must be no independent legal duty for the plaintiff's claims[,]"—Defendants argue that they are "pursuing independent legal duties that exist under the Physician Agreement and La. Rev. Stat. 22:1838. Both the Physician Agreement and Louisiana law give BCBSLA legal rights with respect to overpayments made to Dr. Gupta." (*Id.* at 11.) They conclude, saying that they are pursuing state law claims against Dr. Gupta for over billing, which does not implicate ERISA's complete preemption. (*Id.* at 12.)

### ii. *Opposition* (Doc. 27)

Plaintiffs argue that they "are seeking to bring a Section 502(a)(3) claim for breach of fiduciary duty against Defendants for various violations of ERISA procedure." (Doc. 27 at 2.) They claim they

> have the right to assert a cause of action against the Defendants/insurers, for breach of the insurer's fiduciary duties under ERISA, including the failure of the Defendants to give notice to the patients whose claims the insurers are in essence denying, months after the payment of benefits, by seeking to recoup those payments made previously on the patients' behalf.

(*Id.* at 2–3.)

Plaintiffs contend that Defendants "defrauded the arbitrator and violated ERISA with its assertion that the reason for seeking return of benefits already paid was lack of medical necessity." (*Id.* at 3.) They argue that Defendants regularly make these kinds of payments and should have paid Dr. Gupta and his medical practice. (*Id.*)

Plaintiffs agree that the Court cannot look through to the underlying controversy to find a basis for jurisdiction but argue that they have asserted a claim for breach of fiduciary duty. (*Id.* at

6

4.) They attempt to distinguish *HMO Louisiana, Inc.*, because, unlike *HMO Louisiana, Inc.*, this case raises Plaintiffs' claims, not Defendants' underlying claims, and the issue here is not whether the case was properly removed. (*Id.* at 4–5 (citing *HMO Louisiana Inc.*, 2021 WL 2678933).)

Plaintiffs argue that "[t]he arbitral ruling disregarded the only argument asserted and briefed by BCBSLA in favor of an alleged contractual remedy." (*Id.* at 5.) They contend that in the arbitration, Defendants did not provide notice or an explanation of benefits as required by Louisiana Revised Statutes § 22:1838(E). (*Id.* at 5–6.) Finally, Plaintiffs contend that this failure to provide an explanation of benefits affected the notice of appeal rights and a failure to join indispensable parties, which "constitutes a manifest error of law and significant injustice such that the award should be vacated." (*Id.* at 6.)

### iii. *Reply* (Doc. 28)

Defendants dispute Plaintiffs' claims that ERISA provides subject matter jurisdiction, because although Plaintiffs argue that the patients' insurance claims were retroactively denied, the breach of contract and damages claims at issue in the arbitration were solely against Dr. Gupta. (Doc. 28 at 2.) "The Final Award does not reverse how the claim was processed, and Dr. Gupta is prohibited from seeking any contribution or recoupment of the amount of the Final Award from his patients, according to the terms of the Physician Agreement, Section 4.6." (*Id.*) The Final Award was issued against Dr. Gupta and may only be satisfied by him. (*Id.* at 3.)

Defendants argue that Plaintiffs are "contesting the enforceability of the Final Award, not the legality of ERISA claims." (*Id.* at 4.) They point the Court to *Ascension Data & Analytics, L.L.C. v. Pairprep, Inc.*, 105 F.4th 749 (5th Cir. 2024), where the court found that a federal law claim in the underlying controversy has no impact on jurisdiction on a motion to vacate. (*Id.* (citing

7

*Badgerow*, 596 U.S. 1).) They reiterate that Plaintiffs have "not properly filed an action for breach of damages under ERISA." (*Id.*)

### b. Law and Analysis

Plaintiffs claim this case "aris[es] under the Constitution, laws, or treaties of the United States" and therefore this Court has jurisdiction. 28 U.S.C. § 1331.

> The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, authorizes a party to an arbitration agreement to seek several kinds of assistance from a federal court. Under Section 4, for example, a party may ask the court to compel an arbitration proceeding . . . . And under Sections 9 and 10, a party may apply to the court to confirm, or alternatively to vacate, an arbitral award.

*Badgerow*, 596 U.S. at 4. Plaintiffs here move to vacate the arbitral award, pursuant to 9 U.S.C. § 10. A federal court "may or may not have jurisdiction to decide such a request. The Act's authorization of a petition does not itself create jurisdiction. Rather, the federal court must have what [the Supreme Court has] called an 'independent jurisdictional basis' to resolve the matter." *Id.* (quoting *Hall St. Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"[A]n applicant seeking, for example, to vacate an arbitral award under Section 10 must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum' " *Id.* at 8 (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009)). If a plaintiff cannot do this, "the action belongs in state court. The FAA requires those courts, too, to honor arbitration agreements; and we have long recognized their 'prominent role' in arbitral enforcement." *Id.* (quoting *Vaden*, 556 U.S. at 59).

As to where a Court might find an independent basis of jurisdiction when a Section 10 claim is brought, the Court stated, "[a]n obvious place is the face of the application itself. . . . if it alleges that federal law (beyond Section 9 or 10 itself) entitles the applicant to relief, then § 1331 gives the court federal-question jurisdiction." *Id.* at 9. The Court rejected the "look-through"

8

approach, which looks to the underlying controversy for jurisdictional grounds, because Section 10 lacked the statutory language that allows a court to "imagine a world without an arbitration agreement, and to ask whether it would then have jurisdiction over the parties' dispute." *Id.* at 11. In *Badgerow*, the Court stated the issue was

> not the legality of Badgerow's firing but the enforceability of an arbitral award. That award is no more than a contractual resolution of the parties' dispute—a way of settling legal claims. And quarrels about legal settlements—even settlements of federal claims—typically involve only state law, like disagreements about other contracts.

*Id.* at 9 (citing first *Vaden*, 556 U.S. at 63, then *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)).

> The Court elaborated that
>
> the underlying dispute is not now at issue. Rather, the application concerns the contractual rights provided in the arbitration agreement, generally governed by state law. And adjudication of such state-law contractual rights—as this Court has held in addressing a non-arbitration settlement of settlement of federal claims—typically belongs in state courts.

*Id.* at 18 (citing *Kokkonen*, 511 U.S. at 381–82). Therefore, a feature of the FAA is that enforcement is largely left to state courts. *Id.*

Recently, the Fifth Circuit addressed the issue of "what may a district court look to in establishing an independent basis for its jurisdiction over an application to modify, confirm, or vacate an arbitral award under Section 8, 9, of 10 of the FAA." *Ascension*, 105 F.4th at 753. Echoing the Supreme Court's ruling in *Badgerow*, it found that although the underlying dispute involved federal law,

> [t]he only dispute properly before the district court was the enforceability of the arbitral award. Because the parties concede that they are not diverse, and because Ascension offers no other federal law entitling it to the relief that it seeks—vacatur of the award—the enforceability of the arbitral award must be litigated in state court.

9

*Id.* at 754 (citing *Badgerow*, 596 U.S. at 9).

Here, Plaintiffs seek to vacate the arbitration award rendered in February 2024. (Doc. 1-1 at 1.) Plaintiffs' statement of jurisdiction in the *Amended Motion to Vacate* is founded on Defendants' underlying claim and whether ERISA preempted the remedy sought by them. (Doc. 12 at 1–2.) *Badgerow* plainly rejects the argument that this Court should look to the underlying case for federal jurisdiction. *Badgerow*, 596 U.S. at 19. Plaintiffs' sole jurisdictional argument rests on alleged violations of ERISA but its *Amended Motion to Vacate* focuses its arguments on the failings of the arbitrator. (Doc. 1-1 at 4–11.)

> Section 10 of the FAA allows a court to vacate an arbitration award:
>
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been rejected; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

In the *Amended Motion to Vacate*, Plaintiffs focus on the arbitrator, saying that she "exceeded her powers" and "so imperfectly executed her arbitral powers" that the award should be vacated. (Doc. 12 at 2–3.) Plaintiffs are not, as they argue in the *Opposition*, bringing a claim pursuant to Section 502(a)(3) of ERISA, because the case filed only seeks to vacate the arbitration award due to the arbitrator's failure to properly execute her powers. (Doc. 27 at 2; Doc. 12.) They do not claim that Defendants owed the Plaintiffs a fiduciary duty and any argument of misconduct is directed at the arbitrator, a key element to a motion to vacate under 9 U.S.C. § 10. (Doc. 12 at

2–3.) Plaintiffs' claim is clearly meant to vacate the arbitration award, which only raises state law issues of enforceability. *Ascension*, 105 F.4th at 754.

The only argument of preemption raised by Plaintiffs is that Defendants' claim (the underlying claim at issue in the arbitration) was preempted by ERISA. (Doc. 12 at 2.) Presumably, Plaintiffs are arguing that Defendants' underlying claim was preempted by ERISA, requiring them to give notice of adverse benefit determination. (*Id.* at 2–3.) An exercise of jurisdiction here would require this Court to look through to the underlying case and determine whether the claim was preempted by ERISA, which proposition the Supreme Court rejected in *Badgerow*. 596 U.S. 1. *The Amended Motion to Vacate* merely seeks to vacate the arbitration award, and any attempted assertion of independent federal jurisdiction is an attempt to relitigate the underlying case, an approach rejected by the Fifth Circuit in *Ascension*. 105 F.4th at 755.

In sum, the Court finds that although Plaintiffs claim federal jurisdiction pursuant to 28 U.S.C. § 1331, the crux of this case is the validity of the arbitral award. Plaintiffs simply claim that the arbitrator did not fulfill the FAA requirements for a valid arbitration. That the underlying claim raises questions of ERISA has no bearing on the jurisdiction of this Court to hear this case. Therefore, the Court lacks subject matter jurisdiction, and Defendants' *12(b)(1) Motion* will be granted. Since the case will be dismissed because the Court lacks subject matter jurisdiction, it will deny Defendants' *12(b)(6) Motion* as moot.

### IV. CONCLUSION

Accordingly.

**IT IS ORDERED** that the *Motion to Dismiss for Lack of Subject Matter Jurisdiction* (Doc. 16) filed by defendants Louisiana Health Service and Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana and HMO Louisiana, Inc. is **GRANTED**. All claims against Defendants

by plaintiffs Dr. Narinder M. Gupta, M.D., individually and on behalf of Pain Management and Surgi-Group, L.L.C., and Bonnie Alford are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the *Motion to Dismiss for Failure to State a Claim* (Doc. 17) is **DENIED AS MOOT.**

Signed in Baton Rouge, Louisiana, on March 13, 2025.

---

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**